# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. SPARKMAN, | CASE NO. 1:12-cv-01444-MJS (PC) |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| v. | (ECF No. 7) |
| CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION, et al., | AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |
| Defendants. | |

## SCREENING ORDER

**I.   PROCEDURAL HISTORY**

On September 4, 2012, Plaintiff Michael A. Sparkman, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.)

On October 29, 2012, Plaintiff's Complaint was screened and dismissed, with leave to amend, for failure to state a cognizable claim. (ECF No. 5.) Plaintiff's First Amended

1

Complaint (ECF No. 7) is now before the Court for screening.

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III. SUMMARY OF FIRST AMENDED COMPLAINT

The Complaint names the following individuals as Defendants: (1) John Doe #1, Warden, San Quentin State Prison (SQSP); (2) John Doe #2, Classification Service Representative (CSR), SQSP; (3) James A. Yates, Warden, Pleasant Valley State Prison (PVSP); and (4) Frank Igbinosa, Medical Director, PVSP.

Plaintiff alleges the following:

2

On August 3, 2006, the California Department of Corrections and Rehabilitation (CDCR) issued a memorandum acknowledging the prevalence of Valley Fever in particular CDCR facilities. (Compl. at 4.) The document identified categories of inmates who were to be removed and kept out of facilities where Valley Fever was endemic. For example, inmates with chronic lung disease requiring oxygen therapy were to be removed from, or not transferred to, PVSP. (Id. at 17-20.) According to the memorandum, "the CSR shall ensure inmates identified as being susceptible to Valley Fever organism are not endorsed to institutions located in the endemic area." (Id. at 20.) The document was addressed to Health Care Managers, Wardens, and Classification Representatives. (Id. at 17.)

Plaintiff was screened at SQSP by a CSR for medical conditions on an unspecified date in December 2008. Plaintiff was identified as suffering from a severe case of Chronic Obstructive Pulmonary Disease, which affects the lungs and requires oxygen therapy. Nevertheless, on December 23, 2008, Plaintiff was transferred to PVSP, a facility identified as within the zone endemic to Valley Fever. (Id. at 5.)

Housing Plaintiff at PVSP posed a serious medical risk to him because he was an at-risk inmate as defined by the Valley Fever memorandum. The transfer contravened CDCR Valley Fever policy made known to each Defendant. John Does #1 and #2 failed to ensure adherence to the policy and thereby allowed Plaintiff to be transferred to PVSP. (Id. at 4, 5.)

Warden Yates also failed to adhere to the policy when he approved the receipt of Plaintiff at PVSP. (Id. at 6.) Defendant Igbinosa was responsible for the medical care provided at PVSP. Igbinosa failed to ensure that his staff was properly trained to screen incoming prisoners. Upon arrival Plaintiff was not identified as being a high risk inmate.

3

(Id. at 7.)  Plaintiff remained at PVSP and was diagnosed with Valley Fever on October 2, 2010.  (Id. at 5.)

## IV. ANALYSIS

### A. Section 1983

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id.  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not.  Id. at 1949-50.

### B. Eighth Amendment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).  Extreme deprivations are required to make out a conditions of

4

confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citations and quotations omitted).  In order to state a claim for a violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff.  E.g., Farmer v. Brennan, 511 U.S. 825, 847 (1994); Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

A prisoner "may state a cause of action under the Eighth Amendment by alleging that [prison officials] have, with deliberate indifference, exposed him to [environmental conditions] that pose an unreasonable risk of serious damage to his future health." Helling v. McKinney, 509 U.S. 25, 35 (1993).

### 1. Serious Medical Need

The Courts of this district have repeatedly found that confinement in a location where Valley Fever is prevalent, in and of itself, fails to satisfy the first element of an Eighth Amendment claim, i.e. that the condition poses an excessive risk of harm. See, e.g. Smith v. Yates, 2012 WL 1498891, *2 (E.D. Cal. Apr. 27, 2012) (citing King v. Avenal State Prison, 2009 WL 546212, *4 (E.D. Cal. Mar. 4, 2009) ("[T]o the extent that Plaintiff is attempting to pursue an Eighth Amendment claim for the mere fact that he was confined in a location where Valley Fever spores existed which caused him to contract Valley Fever, he is advised that no courts have held that exposure to Valley Fever spores presents an excessive risk to inmate health."); see also Johnson v. Pleasant Valley State Prison, 2012 WL 1297380, *3 (E.D. Cal. Apr. 16, 2012) ("Even if the risk of contracting Valley Fever is

higher at PVSP than in other areas of the state, the Court declines to find that, due to its location, the prison itself constitutes a substantial risk of harm to inmates."); Gilbert v. Yates, 2010 WL 5113116, *3 (E.D. Cal. Dec. 9, 2010); Willis v. Yates, 2009 WL 3486674, *3 (E.D. Cal. Oct. 23, 2009).

Plaintiff alleges that he suffered from a chronic lung disease requiring oxygen therapy and was transferred to PVSP in spite of a CDCR memorandum prohibiting inmates with such conditions from being housed at PVSP. According to the policy, inmates with such conditions are particularly vulnerable to Valley Fever. Chronic lung disease requiring oxygen therapy reflects a serious medical need. Exposure to Valley Fever with a preexisting lung condition is also a serious medical condition sufficient to satisfy the first prong of an Eighth Amendment claim based on Valley Fever exposure. See, e.g. Owens v. Trimble, 2012 WL 1910102, *2 (E.D. Cal. May 25, 2012) (asthma); Whitney v. Walker, 2012 WL 893783, *2-4 (E.D. Cal. Mar. 15, 2012) (immune system compromised by cancer); Thurston v. Schwarzenegger, 2008 WL 2129767, *2 (E.D. Cal. May 21, 2008) (various medical conditions, including asthma, and race).

### 2. Deliberate Indifference

#### a. John Doe #1, SQSP Warden

Plaintiff adequately alleges that Warden Doe #1 was aware of the risk Valley Fever posed to at-risk inmates. However, there are no facts demonstrating that he was actually aware of the risk with regard to Plaintiff. That is to say, Plaintiff fails to allege that the Warden knew that the policy was not being adopted generally at SQSP or knew that Plaintiff had incorrectly been approved for transfer.

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051,

1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff has failed to allege facts showing that Doe #1 was actually aware of the impermissible transfer order and thus has failed to show that the Defendant exhibited deliberate indifference. The Court will grant Plaintiff one final opportunity to amend. In order to state a claim, Plaintiff must allege facts demonstrating that John Doe #1 knowingly disregarded the substantial risk to Plaintiff's health.

          b.        John Doe #2, CSR

According to the Valley Fever memorandum, as a CSR, Doe #2 was charged with reviewing transfer orders to ensure that at-risk inmates were not being sent to endemic areas. Plaintiff alleges that he was screened by a "San Quentin Classification Service Representative" on an unspecified day in December 2008 and was identified as suffering from Chronic Obstructive Pulmonary Disease. Plaintiff was then transferred to PVSP.

It is not clear from the allegations whether Doe #2 was actually aware of Plaintiff's condition. Plaintiff does not explicitly allege that it was Doe #2 who screened or transferred Plaintiff or otherwise was aware of the risk of transfer to Plaintiff and disregarded it. If Doe Doe #2 was a supervisor, he may only be held liable if he "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Again, Plaintiff must allege facts indicating how each

7

Defendant was actually aware of the substantial risk of harm.

The Complaint fails to allege deliberate indifference on the part of John Doe #2. Plaintiff will be granted one final opportunity to amend. In order to state a claim, Plaintiff must explain how and when John Doe #2 became aware of Plaintiff's condition and how exactly he was deliberately indifferent to the risk posed to Plaintiff.

          c.          James Yates

Plaintiff alleges that Defendant Yates exhibited deliberate indifference to a serious risk of harm to Plaintiff's health when he approved Plaintiff's housing transfer to PVSP. Yates may be charged with knowledge of the risk of harm Valley Fever presented to certain at-risk inmates via the CDCR memorandum because it was addressed, in part, to Wardens. However, Plaintiff's allegations do not demonstrate that Yates was actually aware of the specific risk to Plaintiff and nevertheless approved his transfer.

Plaintiff has failed to satisfy the deliberate indifference element of his claim against Defendant Yates. He will be granted an opportunity to amend. In order to state a cognizable claim, Plaintiff must provide sufficient facts to show that Warden Yates knowingly disregarded a serious risk of harm to Plaintiff.

          d.          Felix Igbinosa

The Complaint alleges that Defendant Igbinosa failed to ensure that Plaintiff was properly identified as having a medical condition that required transfer out of PVSP. As was the case with the previous Defendants, Plaintiff has failed to demonstrate that Igbinosa was actually aware of the risk to Plaintiff's health. It may be that as PVSP's Medical Director, Defendant Igbinosa should have realized that Plaintiff was incorrectly housed. But such an allegation might reflect mere negligence, not deliberate indifference.

In order to show deliberate indifference, Plaintiff must explain how Igbinosa and the remaining Defendants were actually aware of the risk to Plaintiff. If Igbinosa or any other Defendant should have known of Plaintiff's situation, but did not, "then the official has not violated the Eighth Amendment, no matter how severe the risk." Toguchi, 391 F.3d at 1057.

Plaintiff is reminded that "[a] supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045.

## V.    CONCLUSION AND ORDER

Plaintiff's First Amended Complaint does not state a claim for relief under section 1983. The Court will grant Plaintiff one final opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint

be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his First Amended Complaint, filed November 19, 2012;

2. Plaintiff's First Amended Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated: November 29, 2012        /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE

10