UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. SPARKMAN, | CASE NO.    1:12-cv-01444-AWI-MJS (PC) |
| Plaintiff, | ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND |
| v. | (ECF No. 14) |
| CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION, et al., | AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |
| Defendants. | |
| _____/ | |

**SCREENING ORDER**

I.     **PROCEDURAL HISTORY**

On September 4, 2012, Plaintiff Michael A. Sparkman, a state prisoner proceeding

pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.

(ECF No. 1.)

Plaintiff's Complaint (ECF No. 1) and First Amended Complaint (ECF No. 7) were

screened and dismissed, with leave to amend, on October 29, 2012 and November 30,

2012, respectively, for failure to state cognizable claims.  (ECF Nos. 5, 9.)  Plaintiff's Second Amended Complaint (ECF No. 14) is now before the Court for screening.

## II.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III.   SUMMARY OF SECOND AMENDED COMPLAINT

The Second Amended Complaint names the following individuals as Defendants: (1) John Doe #1, Warden, San Quentin State Prison (SQSP); (2) John Doe #2, Classification Service Representative (CSR), SQSP; (3) James A. Yates, Warden, Pleasant Valley State Prison (PVSP); and (4) Frank Igbinosa, Medical Director, PVSP.

Plaintiff alleges the following:

On August 3, 2006, the California Department of Corrections and Rehabilitation (CDCR) issued a memorandum acknowledging the prevalence of Valley Fever at particular correctional facilities.  The document identified categories of inmates who were to be removed and kept out of facilities where Valley Fever was endemic.  (Compl. at 21-24.) For example, inmates with chronic lung disease requiring oxygen therapy were to be removed from, or not transferred to, PVSP. (Id. at 21-22.) According to the memorandum, "[Classification Staff Representatives] shall ensure inmates identified as being susceptible to Valley Fever organism are not endorsed to institutions located in the endemic area." (Id. at 23.)   The  document  was  addressed  to  Health  Care  Managers,  Wardens,  and Classification Representatives.  (Id. at 21.)

Another memorandum followed on January 16, 2007.  The second document was addressed to Health Care Managers and provided instructions on identifying inmates infected with Valley Fever.  (Id. at 25, 28.)

Plaintiff was transferred from SQSP to PVSP on December 23, 2008.  (Id. at 4.)  A "Valley Fever Risk Criteria Checklist" was preformed upon transfer by an unknown nurse. The checklist reflects that Plaintiff did not fall within a medical category for Valley Fever susceptibility.  (Id. at 16.)  However, at the time of the transfer, Plaintiff suffered from severe chronic obstructive pulmonary disease and required continuous oxygen therapy. (Id. at 4.)

John Doe Warden, John Doe CSR, and Warden Yates approved Plaintiff's transfer. (Id. at 4, 5, and 6.)  "The Defendants intentionally neglected to follow and apply procedures set  by  the  director  of  corrections"  in  the  aforementioned  memorandums.   (Id.  at 10.)

3

Defendant Igbinosa failed to ensure that inmates were properly screened for Valley Fever susceptibility in accordance with the January 16, 2007 memorandum.   Plaintiff was diagnosed with Valley Fever on October 2, 2010 and has suffered from the disease since. (Id. at 7.)

IV.   **ANALYSIS**

   A.   **Section 1983**

   To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

   A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id.  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not.  Id. at 1949-50.

   B.   **Eighth Amendment**

   The Eighth Amendment protects prisoners from inhumane methods of punishment

and from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).  Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citations and quotations omitted).  In order to state a claim for a violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff.  E.g., Farmer v. Brennan, 511 U.S. 825, 847 (1994); Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

A prisoner "may state a cause of action under the Eighth Amendment by alleging that [prison officials] have, with deliberate indifference, exposed him to [environmental conditions] that pose an unreasonable risk of serious damage to his future health."  Helling v. McKinney, 509 U.S. 25, 35 (1993).

### 1.   Serious Medical Need

The Courts of this district have repeatedly found that confinement in a location where Valley Fever is prevalent, in and of itself, fails to satisfy the first element of an Eighth Amendment claim, i.e. that the condition poses an excessive risk of harm.  See, e.g. Smith v. Yates, 2012 WL 1498891, *2 (E.D. Cal. Apr. 27, 2012) (citing King v. Avenal State Prison, 2009 WL 546212, *4 (E.D. Cal. Mar. 4, 2009) ("[T]o the extent that Plaintiff is attempting to pursue an Eighth Amendment claim for the mere fact that he was confined in a location where Valley Fever spores existed which caused him to contract Valley Fever, he is advised that no courts have held that exposure to Valley Fever spores presents an

excessive risk to inmate health."); <u>see</u> <u>also</u> <u>Gilbert v. Yates</u>, 2010 WL 5113116, *3 (E.D. Cal. Dec. 9, 2010); <u>Willis v. Yates</u>, 2009 WL 3486674, *3 (E.D. Cal. Oct. 23, 2009).

Plaintiff alleges that he suffered from a chronic lung disease requiring oxygen therapy and was transferred to PVSP despite a CDCR memorandum prohibiting inmates with such conditions from being housed at PVSP.  According to the policy, inmates with such conditions are particularly vulnerable to Valley Fever.  Chronic lung disease requiring oxygen therapy reflects a serious medical need.  Exposure to Valley Fever with a preexisting lung condition is also a serious medical condition sufficient to satisfy the first prong of an Eighth Amendment claim based on Valley Fever exposure. <u>See</u>, <u>e.g.</u> <u>Owens v. Trimble</u>, 2012 WL 1910102, *2 (E.D. Cal. May 25, 2012) (asthma); <u>Whitney v. Walker</u>, 2012 WL 893783, *2-4 (E.D. Cal. Mar. 15, 2012) (immune system compromised by cancer); <u>Thurston v. Schwarzenegger</u>, 2008 WL 2129767, *2 (E.D. Cal. May 21, 2008) (various medical conditions, including asthma, and race).

### 2.   <u>Deliberate Indifference</u>

Plaintiff plausibly alleges that the Defendants were aware that Valley Fever was endemic at certain facilities and posed an increased risk of harm to certain inmates. Plaintiff contends that he was particularly vulnerable to Valley Fever and the Defendants were responsible for transferring him to a facility where the disease was endemic.  The CDCR's Valley Fever memorandum, addressed to the Defendants, prohibited inmates with medical conditions like Plaintiff's from being housed at facilities such as PVSP because the prevalence of Valley Fever put such inmates at an increased risk of harm.  Notwithstanding CDCR directives, the Defendants transferred Plaintiff to PVSP.

Taking these allegations as true, Plaintiff nevertheless  has failed to establish that

any Defendant acted with deliberate indifference.  "Deliberate indifference is a high legal standard."  Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"  Id. at 1057 (quoting Farmer, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'"  Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

There are no facts alleged to support the conclusion that any Defendant actually knew Plaintiff suffered from a chronic lung disease.  A Valley Fever screening was conducted by a nurse the day Plaintiff was transferred.  That nurse determined that Plaintiff did not fall into any of the at-risk groups.  Alleging that the nurse was incorrect, that Defendants **should have been** aware of the screening and/or the particular threat to Plaintiff, or that Defendants were aware generally of the increased risk at PVSP does not adequately allege deliberate indifference.  The amended complaint also fails to allege, beyond mere conclusion, that Defendants were aware that CDCR screening policies were deficient.

Plaintiff may genuinely believe that Defendants, or some of them, had to know of the increased risk to Plaintiff, or surely should have known of it, but nevertheless disregarded it.  However, such speculation, no matter how plausible to Plaintiff, is insufficient to support a claim that Defendants intentionally acted to expose Plaintiff to the increased risk or callously disregarded that risk.  There is nothing in the Second Amended Complaint, other than speculation, to suggest that any of the Defendants actually were

aware of Plaintiff's condition.  Absent such allegation, the pleading does not state an Eighth Amendment claim.

In its two previous screening orders, the Court advised Plaintiff of the legal standard for deliberate indifference and gave him leave to amend to correct the deficiencies in his pleading.  The Court will provide one **final** opportunity to amend.  A third amended pleading must include truthful factual allegations that demonstrate that a Defendant acted (or failed to act) even though he knew of the risk of harm to Plaintiff. (Any amended complaint also must reallege the facts establishing a serious medical need.)

## V.    CONCLUSION AND ORDER

Plaintiff's Second Amended Complaint does not state a claim for relief under section 1983.  The Court will grant Plaintiff one final opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)).   Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint

8

be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Third Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his Second Amended Complaint, filed February 4, 2013;

2.     Plaintiff's Second Amended Complaint is dismissed for failure to state a claim upon which relief may be granted;

3.     Plaintiff shall file an amended complaint within thirty (30) days; and

4.     If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.


Dated:   February 26, 2013            /s/ Michael J. Seng
                                         UNITED STATES MAGISTRATE JUDGE