# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. SPARKMAN, | CASE NO.   1:12-cv-01444-AWI-MJS (PC) |
| Plaintiff, | ORDER RECOMMENDING DISMISSAL WITH PREJUDICE |
| v. | (ECF No. 17) |
| CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION, et al., | PLAINTIFF'S OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |
| Defendants. | |

### SCREENING ORDER

**I.    PROCEDURAL HISTORY**

On September 4, 2012, Plaintiff Michael A. Sparkman, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.)

Plaintiff's Complaint (ECF No. 1), First Amended Complaint (ECF No. 7), and Second Amended Complaint (ECF No. 14) were screened and dismissed, with leave to

1

amend, on October 29, 2012, November 30, 2012, and February 27, 2013, respectively, for failure to state cognizable claims. (ECF Nos. 5, 9, and 16.) Plaintiff's Third Amended Complaint (ECF No. 17) is now before the Court for screening.

## II.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III.   SUMMARY OF THIRD AMENDED COMPLAINT

The Third Amended Complaint names the following individuals as Defendants: (1) John Doe #1, Warden, San Quentin State Prison (SQSP); (2) John Doe #2, Classification Service Representative (CSR), SQSP; (3) James A. Yates, Warden, Pleasant Valley State

Prison (PVSP); and (4) Frank Igbinosa, Medical Director, PVSP.

Plaintiff alleges the following:

On August 3, 2006, the California Department of Corrections and Rehabilitation (CDCR) issued a memorandum acknowledging the prevalence of Valley Fever at particular correctional facilities.  The document identified categories of inmates who were to be removed and kept out of facilities where Valley Fever was endemic.  (Compl. at 17-20.) For example, inmates with chronic lung disease requiring oxygen therapy were to be removed from, or not transferred to, PVSP. (Id. at 17-18.) According to the memorandum, "[Classification Staff Representatives] shall ensure inmates identified as being susceptible to Valley Fever organism are not endorsed to institutions located in the endemic area." (Id. at 23.)  Receiving and Release Nurses at facilities within the endemic area were to screen incoming inmates for susceptibility to Valley Fever.  (Id. at 19.)  The document was addressed to Health Care Managers, Wardens, and Classification Representatives.  (Id. at 17.)

Another memorandum followed on January 16, 2007.  The second document was addressed to Health Care Managers and provided instructions on identifying inmates infected with Valley Fever. (Id. at 21, 24.)

Plaintiff was transferred from SQSP to PVSP on December 23, 2008.  (Id. at 3, 6, 12.)  Upon arrival at PVSP, Plaintiff underwent a "Valley Fever Risk Criteria Checklist" performed by an unknown nurse.  The checklist reflects that Plaintiff did not fall within a medical category for Valley Fever susceptibility.  (Id. at 12.)  However, at the time of the transfer, Plaintiff suffered from chronic obstructive pulmonary disease and required continuous oxygen therapy.  (Id. at 3, 5, 6.)  Plaintiff's medical condition was recorded in

his central file for the purpose of flagging Plaintiff as not to be housed where Valley Fever was endemic. His condition was also reflected in his medical records. (Id. at 3.) "The Defendants intentionally neglected to follow and apply procedures set by the director of corrections" in the aforementioned memorandums. (Id. at 10.)

Medical records indicate that Plaintiff contracted Valley Fever by October 2010. (Id. at 34.) Plaintiff's requests for a medical transfer were denied. (Id. at 7, 54.)

## IV.  ANALYSIS

### A.  Section 1983

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

B. **Eighth Amendment**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citations and quotations omitted). In order to state a claim for a violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847 (1994); Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

A prisoner "may state a cause of action under the Eighth Amendment by alleging that [prison officials] have, with deliberate indifference, exposed him to [environmental conditions] that pose an unreasonable risk of serious damage to his future health." Helling v. McKinney, 509 U.S. 25, 35 (1993).

    1. Serious Medical Need

The Courts of this district have repeatedly found that confinement in a location where Valley Fever is prevalent, in and of itself, fails to satisfy the first element of an Eighth Amendment claim, i.e. that the condition poses an excessive risk of harm. See, e.g. Smith v. Yates, 2012 WL 1498891, *2 (E.D. Cal. Apr. 27, 2012) (citing King v. Avenal State Prison, 2009 WL 546212, *4 (E.D. Cal. Mar. 4, 2009) ("[T]o the extent that Plaintiff is attempting to pursue an Eighth Amendment claim for the mere fact that he was confined

in a location where Valley Fever spores existed which caused him to contract Valley Fever, he is advised that no courts have held that exposure to Valley Fever spores presents an excessive risk to inmate health."); see also Gilbert v. Yates, 2010 WL 5113116, *3 (E.D. Cal. Dec. 9, 2010); Willis v. Yates, 2009 WL 3486674, *3 (E.D. Cal. Oct. 23, 2009).

Plaintiff alleges that he suffered from a chronic lung disease requiring oxygen therapy and was transferred to PVSP despite a CDCR memorandum prohibiting inmates with such conditions from being housed at PVSP. According to the policy, inmates with such conditions are particularly vulnerable to Valley Fever. Chronic lung disease requiring oxygen therapy reflects a serious medical need. Exposure to Valley Fever with such a preexisting lung condition is also a serious medical condition sufficient to satisfy the first prong of an Eighth Amendment claim based on Valley Fever exposure. See, e.g. Owens v. Trimble, 2012 WL 1910102, *2 (E.D. Cal. May 25, 2012) (asthma); Whitney v. Walker, 2012 WL 893783, *2-4 (E.D. Cal. Mar. 15, 2012) (immune system compromised by cancer); Thurston v. Schwarzenegger, 2008 WL 2129767, *2 (E.D. Cal. May 21, 2008) (various medical conditions, including asthma, and race).

### 2. Deliberate Indifference

The Third Amended Complaint realleges in substance the allegations set forth in the previous pleading. As the Court notified Plaintiff in its previous screening order, these facts, taken as true, do not establish deliberate indifference.

The memorandum addressed to the Defendants supports Plaintiff's conclusion that the Defendants had knowledge that Valley Fever was endemic at certain facilities and posed an increased risk of harm to certain inmates. Plaintiff asserts that he was particularly vulnerable to Valley Fever and the Defendants were responsible for transferring

him to a facility where the disease was endemic.  Plaintiff's condition was reflected in his central file and medical file for the purpose of flagging his susceptibility to Valley Fever.

Taking these allegations as true, Plaintiff nevertheless has failed to establish that any Defendant acted with deliberate indifference.  "Deliberate indifference is a high legal standard."  Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"  Id. at 1057 (quoting Farmer, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'"  Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

The factual allegations set forth in the amended complaint do not show that any Defendant was actually aware of Plaintiff's condition.  Alleging that the information was available to the Defendants and that they should have been aware of the risk to him is not sufficient to state a claim.  Toguchi, 391 F.3d at 1057.  Although Defendants were responsible for ensuring that Plaintiff was not transferred to a facility within the endemic zone, the facts presented allege that Defendants may have acted knowingly or should have acted differently.  The mere possibility that a defendant committed misconduct is not sufficient to state a claim.  Iqbal, 129 S.Ct. at 1949-50.  As noted above, ignorance of the need to act or negligent failure to act as they should have, does not give rise to a cognizable constitutional claim.

Plaintiff also alleges that the Defendants acted with deliberate indifference by failing to approve his requests for a medical transfer after contracting Valley Fever.  The appeal

7

records attached to the pleading show that Plaintiff sought financial compensation initially and at one point requested a transfer. Prison officials, not named as Defendants, denied Plaintiff's requests because he had not demonstrated "a material adverse effect on his or her welfare . . . ." (Compl. at 48.) Plaintiff fails to link any of the Defendants to the decision to deny his transfer request and therefore does not state a claim. See Iqbal, 556 U.S. at 677. The claim also suffers from the same pleading deficiency discussed above, the factual allegations do not establish that anyone"[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." Farmer, 511 U.S. at 837. Plaintiff's inmate appeal was vague and the prison rejected his appeal on that basis.

Plaintiff has failed to allege facts demonstrating that the Defendants violated his Eighth Amendment rights. The Court has provided Plaintiff with three opportunities to amend this specific claim and each time Plaintiff has failed to produce a cognizable claim. Nothing in the instant pleading suggests that further leave to amend would yield a different result. Plaintiff's Eighth Amendment claims against the Defendants should be dismissed with prejudice.

## V.     CONCLUSION AND RECOMMENDATION

Plaintiff's Third Amended Complaint does not state a cognizable claim against the named Defendants. Accordingly, it is HEREBY RECOMMENDED that this action be dismissed with prejudice for failure to state a claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document

should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: March 28, 2013         /s/ *Michael J. Seng*
                              UNITED STATES MAGISTRATE JUDGE