UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. SPARKMAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　Defendants. | CASE NO. 1:12-cv-01444-AWI-MJS<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTION FOR RECONSIDERATION BE DENIED<br><br>(ECF NO. 21)<br><br>OBJECTIONS DUE WITHIN THIRTY (30) DAYS |

　　　　Plaintiff Michael A. Sparkman, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 4, 2012. (ECF No. 1.)  Plaintiff's complaint and first two amended complaints were each dismissed for failure to state a claim.  (ECF Nos. 5, 9, and 16.)  On March 29, 2013, the Court issued findings and recommendations recommending that Plaintiff's Third Amended Complaint (ECF No. 17) be dismissed, with prejudice, for failure to state a claim.  (ECF No. 18.)  Plaintiff filed no objections and the order closing this action was adopted on May 13, 2013.  (ECF Nos. 19 and 20.)

　　　　On June 27, 2014, Plaintiff filed a motion seeking reconsideration of the dismissal. (ECF No. 21.)

　　　　Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that

1

1  justifies relief.  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent
2  manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.
3  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and
4  citation omitted).  The moving party "must demonstrate both injury and circumstances
5  beyond his control . . . ."  Id. (internal quotation marks and citation omitted).  In seeking
6  reconsideration of an order, Local Rule 230(j) requires Plaintiff to show "what new or
7  different facts or circumstances are claimed to exist which did not exist or were not
8  shown upon such prior motion, or what other grounds exist for the motion . . . ."

9  "A motion for reconsideration should not be granted, absent highly unusual
10 circumstances, unless the . . . court is presented with newly discovered evidence,
11 committed clear error, or if there is an intervening change in the controlling law," Marlyn
12 Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009)
13 (internal quotations marks and citations omitted), and "[a] party seeking reconsideration
14 must show more than a disagreement with the Court's decision, and recapitulation . . . "
15 of that which was already considered by the Court in rendering its decision.  U.S. v.
16 Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

17 Plaintiff asks the Court to reconsider dismissal of his claims because severe
18 mental illness left him debilitated and unable to litigate his case properly.  Plaintiff
19 suggests that his claim was dismissed for failure to prosecute, apparently in response to
20 a motion to dismiss filed by the Defendants.

21 Plaintiff's case was dismissed at the screening stage more than a year ago for
22 failure to state a claim.  No Defendant ever appeared. No motion to dismiss was filed.

23 The Court screened and dismissed, with leave to amend, several pleadings
24 before recommending that this action be dismissed with prejudice.  Despite his illness,
25 Plaintiff was able to file, within specified time frames, several successive complaints
26 which were coherent and warranted the Court's evaluation  to see if any included facts
27 necessary to state a claim.  They did not.  The Court's Orders outlined what needed to
28 be added to them state a cognizable claim.  Plaintiff responded to the Orders

intelligently, but did not include the facts needed to state a cause of action; presumably they did not exist. Accordingly, the case was dismissed.

In any event, Plaintiff's has not shown clear error or other meritorious grounds for relief. He has not met the burden imposed on a party moving for reconsideration. Marlyn Nutraceuticals, Inc., 571 F.3d at 880.

Accordingly, the Court HEREBY RECOMMENDS that Plaintiff's Motion for Reconsideration (ECF No. 21) be denied, with prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   July 28, 2014              /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE